IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GREGORY T. BRYANT,  )
 )
    Plaintiff,  )
 )
vs.  )  CIVIL ACTION NO.: CV605-064
 )
Warden GLENN RICH; Deputy Warden  )
R. D. COLLINS; Lt. RANDY BYRD; Sgt.  )
JASON D. BURNS; Officer BYRD;  )
Officer TOMMY OSBORNE; Officer R.  )
BRANDON LEWIS; Officer LONG;  )
Officer REGISTER, and Officer LOVE,  )
 )
    Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Scott State Prison in Hardwick, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. Defendants Jason Burns, R.D. Collins, Glenn Rich, Tommy Osborne, and Randy Byrd ("Defendants") filed Motions to Dismiss[1], which the Court construes as Motions for Summary Judgment, as matters outside of the pleadings were considered. Plaintiff has responded. Defendants Randy Byrd and Burns each filed a Reply. For the reasons which follow, Defendants' Motions should be **GRANTED**.

---

[1] Rich, Osborne, and Byrd adopted the Motions filed by Collins and Burns, as well as the documentation in support thereof. (Doc. Nos. 23, 24, and 27.) Plaintiff did not file a separate Response to these Motions, but the Court adopts Plaintiff's Response to Collins' and Burns' Motions as his Response to these three other Motions.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that he was "brutally beaten, kicked[,] and repeatedly brutalized in his face and about his body by the Defendants Lieutenant [Randy] Byrd and Sergeant Burns[.]" (Compl., ¶ 6.) Plaintiff contends that Defendant Love told him to mow the lawn but Plaintiff tried to explain to him that he could not do so because he had been stabbed by another inmate. Plaintiff alleges that when he lifted his shirt to show his wounds, Defendant Officer Byrd hit him in the face and told Plaintiff he would beat him with a baton if he fought back. Plaintiff also alleges that Defendants Randy Byrd and Burns beat him for 10 to 15 minutes. Plaintiff contends that he was beaten again approximately one month later by Defendants Randy Byrd, Officer Byrd, Long, and Register at the behest of Defendant Lewis. Plaintiff asserts that he was taken to segregation, and, upon his arrival, he was locked in a shower stall. Plaintiff avers that Defendant Randy Byrd hit him in the face, which caused him to fall to the floor. Plaintiff alleges that Defendants Randy Byrd, Officer Byrd, and Register kicked and stomped him while he was lying on the floor, begging them to stop. Plaintiff also alleges that he remained locked in the shower stall until the shift change and another officer let him out and put him in a cell.

Defendants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Defendants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

AO 72A
(Rev. 8/82)

is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

3

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Defendants allege that Plaintiff filed a grievance against Defendants Randy Byrd, Officer Byrd, and Burns in which he alleged that these men assaulted him. Defendants also allege that no other individuals were named in this grievance. Defendants contend that Plaintiff failed to timely file an appeal of the denial of this grievance. (Doc. No. 12, p. 17.) Defendants also contend that Plaintiff failed to file a grievance relating to the second

alleged assault. As a result, Defendants assert, Plaintiff's claims against them should be dismissed. (Doc. No. 7, p. 5.)

Plaintiff avers that he filed a grievance as instructed and that he filed a timely appeal from the denial of his grievance. Plaintiff contends that the counselor informed him on April 7, 2004, that he had five (5) business days to file an appeal under the new Standard Operating Procedure. Plaintiff alleges that he filed his appeal on April 14, 2004, which was within five (5) business days of his receipt of the Warden's denial. Plaintiff also alleges that an appeal form was not available to him until the day before he filed his appeal. Plaintiff further alleges that he did not file a grievance pertaining to the second assault because he was afraid of being beaten again and because his life had been threatened by Defendants Rich and Collins. Plaintiff asserts that he fully exhausted his administrative remedies to the extent they were available to him.

Defendants counter that the Standard Operating Procedure Plaintiff cites to did not become effective until June 2004. Defendants assert that the Standard Operating Procedure in effect when Plaintiff filed his grievance required that an inmate file an appeal from the denial of a grievance within four (4) business days rather than within five (5) business days as the new Standard Operating Procedure allows. Defendants also assert that Plaintiff could have filed an untimely grievance (in which he explained his untimeliness) regarding the second alleged beating, even after he was transferred, but he failed to do so. (Doc. No. 17, p. 4.) Defendants contend that Plaintiff misinterprets the word "available" within the meaning of the PLRA. (Doc. No. 18, p. 3.)

The Georgia Department of Corrections, effective June 1, 2004, promulgated Standard Operating Procedure IIB05-0001, which governs the filing of inmate grievances

and appeals. According to this Procedure, an inmate has five (5) business days after he receives the Warden's denial of his formal grievance to file an appeal. If the inmate fails to file a timely appeal, the five (5) day time limit may be waived by the Grievance Coordinator for good cause. (Doc. No. 12, Ex. 1, Standard Operating Procedure IIB05-0001, ¶ D(2)). Counselors were not familiar with this new policy until they received training on it, which occurred from the end of April 2004 through the end of May 2004. (Aff. of Tracy Page, ¶ 7.) However, under the prior version of this Standard Operating Procedure, effective May 1, 2003, an inmate was afforded four (4) business days in which to decide whether to accept or reject the Warden's response to his grievance. (Doc. No. 17, Ex. 1, Standard Operating Procedure IIB05-0001, p. 9.)

Plaintiff filed Grievance Number 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 on March 20, 2004. (Doc. No. 12, Ex. 2, p. 2.) Accordingly, the prior version of Standard Operating Procedure IIB05-0001 governed this grievance and appeal. (Aff. of Tracy Page, ¶ 6.) The Warden rejected Plaintiff's grievance on April 5, 2004, and Plaintiff received the Warden's response on April 7, 2004, which is evidenced by his signature. (Doc. No. 12, Ex. 2, p. 2.) Plaintiff had four (4) business days, or until April 13, 2004, in which to file an appeal[2]; he did not file his appeal until April 14, 2004. (Doc. No. 12, Ex. 2, p. 4.) Plaintiff was informed that his appeal was not submitted within the time limits established in the grievance procedure and that no further action was warranted. (Doc. No. 12, Ex. 2, p. 1.) Plaintiff was also informed by the Grievance Appeal Form which he submitted that he must return the appeal form and original grievance within four (4) business days from the receipt of the grievance response

---

[2] April 7, 2004, was a Wednesday, and Plaintiff had until the following Tuesday, April 13, 2004, by which to file his appeal.

6

and that, if the appeal was being submitted beyond the allotted time frame, he should state clearly why the appeal was being submitted beyond the allotted time. (Doc. No. 12, Ex. 2, p. 4.) Plaintiff failed to do so.

The Eleventh Circuit's holding in Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999), is analogous to the instant case. In Harper, the plaintiff filed a grievance that was denied as untimely. Id. at 1312. Because he felt that his appeal would not be entertained, the plaintiff chose not to appeal the denial. The plaintiff asserted that his failure to appeal was excused because the act of filing an appeal would have been futile. The district court dismissed the case, concluding that the plaintiff failed to exhaust. Id. The Eleventh Circuit Court of Appeals affirmed. Id. at 1311. The Court noted that the governing grievance procedure allowed for a waiver of the strict five-day period for filing when "good cause" is shown. Id. at 1312. The Court held that the plaintiff's failure to petition for this waiver amounted to a failure to exhaust. Specifically, the Court noted that by not attempting to obtain the waiver, the plaintiff did not exhaust the remedies available to him. The Court further held that from a policy perspective, if an untimely grievance was adequate to exhaust, the PLRA's exhaustion requirement would be without meaning. Id.

The evidence before this Court establishes that Plaintiff filed his appeal for Grievance Number 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 one (1) day after the allotted time frame, and he did not provide a reason to excuse his untimeliness. Just like the plaintiff in Harper, Plaintiff had (and still appears to have) available to him as part of the administrative remedy process the option of explaining his untimeliness and seeking a waiver of the applicable time limit. His failure to do so constitutes failure to exhaust his available administrative remedies regarding the first alleged assault he suffered. Likewise, Plaintiff failed to exhaust his

7

AO 72A
(Rev. 8/82)

administrative remedies regarding the second alleged assault because he filed no grievance regarding that alleged incident. Plaintiff has been transferred from Rogers State Prison. There is no evidence that Plaintiff has attempted to file an out-of-time grievance at his current place of incarceration explaining his failure to file a timely grievance while he was incarcerated at Rogers State Prison. Doing so is an administrative remedy available to him.

It is unnecessary to address the remaining grounds of Defendants' Motions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions to Dismiss filed by Defendants Burns, Collins, Rich, Osborne, and Randy Byrd (Doc. Nos. 6, 11, 23, 24, and 27) be **GRANTED**, and that Plaintiff's claims against these Defendants be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE