IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GREGORY T. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: CV605-064 |
| ) | |
| Warden GLENN RICH; Deputy Warden ) | |
| R. D. COLLINS; Lt. RANDY BYRD; Sgt. ) | |
| JASON D. BURNS; Officer BYRD; ) | |
| Officer TOMMY OSBORNE; Officer R. ) | |
| BRANDON LEWIS; Officer LONG; ) | |
| Officer REGISTER, and Officer LOVE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. Defendants Collins, Rich, and Byrd filed Responses.[1] In his Objections, Plaintiff asserts that he exhausted his administrative remedies to the extent available. Plaintiff contends that the Standard Operating Procedure for Grievances (SOP) allows for 5 business days to appeal the denial of a grievance. Plaintiff further avers that any alleged untimeliness was due to his counselor's instruction that he had five working days to file an appeal. Plaintiff contends that he received a second beating for filing his first grievance and did not file a second grievance regarding this incident because he feared further retaliation. Plaintiff

---

[1] Defendants Rich and Byrd incorporate Defendant Collins' arguments and citations to authority used in his Response. Defendant Byrd also asserts that he was not served with Defendant's Objections and reserves the right to present an amended response. (Doc. No. 49.)

AO 72A
(Rev. 8/82)

asserts that adopting the Magistrate Judge's Report and Recommendation would effectively "close the courthouse door" to him and other similarly situated inmates and would allow prison officials to continue the practice of beating inmates. Defendants Collins, Rich, and Byrd reassert their arguments to support their contention that Plaintiff failed to exhaust his administrative remedies.

Plaintiff's Objections are without merit. The Magistrate Judge correctly assessed the prison's standard operating procedure (SOP) and controlling Eleventh Circuit precedent to determine that Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The Motions to Dismiss, construed as Motions for Summary Judgment, filed by Burns, Collins, Rich, Osborne, and Randy Byrd are **GRANTED**. Plaintiff's Claims against Defendants Burns, Collins, Rich, Osborne, and Randy Byrd are **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies.

SO ORDERED, this 23 day of January, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)